CROWELL LAW
Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LHF PRODUCTIONS, INC. PTG NEVADA, LLC, ELARGO HOLDINGS, LLC, FATHERS & DAUGHTERS NEVADA, LLC, CRIMINAL PRODUCTIONS, INC., CELL FILM HOLDINGS, LLC,** and **ME2 PRODUCTIONS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**MICHAEL JOHN WAGNER,**<br><br>Defendant, | Case No.:3:16-cv-01000-AC<br><br>FIRST AMENDED COMPLAINT<br><br>COPYRIGHT INFRINGEMENT<br><br>SUBJECT TO STANDING ORDER No. 2016-8<br><br>DEMAND FOR JURY TRIAL |

FIRST AMENDED COMPLAINT

Plaintiffs complain and allege as follows:

NATURE OF THE ACTION

1. This is a civil action for copyright infringement of federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

Plaintiffs seek injunctive relief, statutory damages, attorney's fees and costs, and such other relief as the Court deems proper.

2.   This action is subject to and governed by Standing Order 2016-8, the Case Management Order governing peer-to-peer copyright enforcement actions in this District.

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) as the Defendant resides in this district.

## PARTIES

### PLAINTIFFS

5.   Plaintiffs are motion picture rights holders, each the registered copyright owner of a motion picture that was downloaded and then re-distributed by the Defendant.

6.   Plaintiffs come to court seeking relief as their motion pictures were illegally downloaded and distributed countless times by the Defendant in Oregon.

7.   Plaintiffs seek relief against this Defendant in particular as he has been particularly egregious in the unlawful trafficking of Plaintiffs' motions pictures and the works of others after express notice.

8.   Under The Copyright Act each Plaintiff is the proprietor of copyrights and interests needed to bring suit.

9.   Each motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

10. Each motion picture is currently available through commercial outlets.

11. Each motion picture carried notice of Plaintiffs' rights through general publication and advertising and more specifically as identified in the content of each motion picture, advertising associated with each motion picture, and marketing and copies, each of which bore a proper copyright notice.

## LHF

12. Plaintiff LHF Productions, Inc. ("LHF") is a Nevada corporation with principal offices in Los Angeles, California and an affiliate of Nu Image / Millennium Films, production companies and distributors of a notable catalog of major motion pictures.

13. *London Has Fallen* is a major motion picture protected by the Copyright Act in registration PA 1-982-831, March 14, 2016, owned by plaintiff LHF. Exhibit 1.

## PTG

14. Plaintiff PTG Nevada, LLC ("PTG") is a Limited Liability Company with principal offices in Los Angeles, California and an affiliate of Voltage Pictures, a production company with a notable catalog of major motion pictures.

15. *Pay The Ghost* is a notable motion picture that was released in September, 2015.

16. *Pay The Ghost* is protected by the Copyright Act, including laws at they pertain to Registration No. PA 1-957-914, 2015, owned by plaintiff PTG. Exhibit 2.

## ELargo

17. Plaintiff ELargo Holdings, LLC ("ELargo") is a limited liability company with principal offices in Los Angeles, California.

18. ELargo is owned by Bleiberg Entertainment, LLC, a production company with a notable catalog of major motion pictures.

19. *Close Range* is a major motion picture registered with the United States Copyright Office by the owner, ELargo, and protected by registrations including Registration No. PAu 3-754-870, Dec. 16, 2014. Exhibit 3.

### F&D

20. Plaintiff Fathers & Daughters Nevada, LLC ("F&D"), is a limited liability company with principal offices in Los Angeles, California.

21. F&D is an affiliate of Voltage Pictures, a production company with a notable catalog of major motion pictures. (www.voltagepictures.com)

22. *Fathers & Daughters* is a major motion picture protected by the Copyright Act in registration PAu 3-762-811 (2015), owned by F&D. Exhibit 4

### CPI

23. Plaintiff Criminal Productions, Inc. ("CPI") is a Nevada corporation with principal offices in Los Angeles, California and an affiliate of Nu Image / Millennium Films, production companies and distributors of a notable catalog of major motion pictures.

24. *Criminal* is a notable motion picture that was released in 2016.

25. *Criminal* is protected by the Copyright Act in registration PA 1-984-029, April 15, 2016, preregistered as PRE 8521, owned by plaintiff CPI . Exhibit 5.

### CELL

26. Plaintiff CELL Film Holdings, LLC ("CELL") is a Delaware limited liability company with offices in Los Angeles, California and an affiliate of Benaroya Pictures, a production company with a notable catalog of major motion pictures.

27. *Cell* is a major motion picture with theatrical release in the United States in July 2016.

28.    *Cell* has been registered with the United States Copyright Office by the owner, CELL, Registration PAu 3-751-312, October 23, 2014.  Exhibit 6.

ME2

29.    Plaintiff ME2 Productions, Inc, ("ME2") is a Nevada corporation with principal offices in Los Angeles, California and an affiliate of Nu Image / Millennium Films, production companies and distributors of a notable catalog of major motion pictures.

30.    *Mechanic: Resurrection* is a motion picture released in theatres on August 25, 2016.

31.    The motion picture *Mechanic: Resurrection* is protected by the Copyright Act and registrations including PAu 3-773-822, PRE 8863 and others.  Exhibit 7.

THE DEFENDANT

32.    The defendant originally identified as Doe-71.236.198.1 is now known to be Michael John Wagner (1964) who was observed through Internet Protocol ("IP") address 71.236.198.1 as distributing plaintiffs' motion pictures.

33.    The Defendant's IP address has been observed and confirmed as distributing Plaintiffs' motion pictures and the works of others multiple times over several months.  The Defendant is not a mere viewer of the motion picture, but also a party that persistently maintained the motion pictures in a manner to facilitate further distribution and infringing activity by others.

34.    The Defendant's IP address has also been observed as associated with the peer-to-peer exchange of over 600 other copyrighted titles through the BitTorrent network. As such the Defendant's conduct is clearly willful and persistent.

CROWELL LAW
WWW.CROWELL-LAW.COM

35.     The Defendant's use of bittorrent to infringe the rights of Plaintiffs and others continued after notice of this action, and his post-notice conduct included the selection, download and then distribution of new infringing content after express notice that this action was pending.

PEER-TO-PEER INTERNET PIRACY IN GENERAL

*Operation*

36.     BitTorrent, also known as peer-to-peer file sharing, has become one of the most common systems for users to illegally dispense and share huge amounts of data in digital format, including motion pictures.

37.     The BitTorrent protocol enables computers to exchange large files (such as motion pictures) without creating a heavy workload for any individual source/computer.  It allows users to interact directly with each other to: (1) make files stored on a user's computer (e.g., motion pictures) available for copying by other users; (2) search for files stored on other computers; and (3) transfer exact copies of files from one computer to another over the Internet.

38.     The use of BitTorrent requires multiple intentional acts.  A user must load specific software, use the software to join the network, search for a file, and then select the file they wish to download.  As each user or peer joins the network and requests a copy of a file, they form a type of social contract to not only download the file, but to be a part of the network to allow the file to be downloaded by others. Each new peer requesting the file receives pieces of the data from each peer who already has downloaded the file, and then in turn makes that content available to others.

39.     Since the BitTorrent protocol also generally limits a peer's ability to download unless he or she also uploads or shares, there is substantial incentive for each peer to remain online and

continue to make files available for other peers to download because this will maximize his or her download speed and access to additional content.

40. The Defendant in this action has been observed as making Plaintiffs' motion pictures available to others in furtherance of the BitTorrent network.

*The Business of Piracy*

41. Internet piracy and in particular BitTorrent piracy, though known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites and networks generate millions of dollars in revenue through sales and advertising.

42. To increase the value of the advertising and sometimes subscription access sold by torrent sites, many parties work to expand the pool of available titles and speed of downloads available by increasing the number of member peers and thus the desirability of their clients and networks. To accomplish this they often reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

43. Defendant's participation in the BitTorrent exchange of Plaintiffs' motion pictures is the type of activity that torrent sites use to promote their business and likely directly furthered the for-profit business of at least one torrent site.

44. Many parties, and possibly Defendant, have been compensated for their participation in expanding the availability of pirated content to others through BitTorrent networks, including Plaintiffs' motion pictures, even if only through being granted greater access to other pirated content.

45. The use of BitTorrent does more than cause harm through the simple theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from

theft through sales and advertising and provides a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise.

46. Based on activity observed associated with Defendant's IP address, Defendant is a prolific proponent of the BitTorrent distribution system advancing the BitTorrent economy of piracy.

*Harm to Plaintiff and Others*

47. Digital piracy, including BitTorrent piracy costs the entertainment industry over $80 billion per year.

48. Nationwide the film and television industry supports over 1.9 million workers and contributes over $19.3 billion in taxes.

49. As noted by Senator Levin in Congressional hearings on peer-to-peer Internet piracy, "In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines. In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it equivalent to jaywalking – illegal but no big deal. But it is a big deal. Under U.S. law, stealing intellectual property is just that – stealing. It hurts artists, the music industry, the movie industry, and others involved in creative work. And it is unfortunate that the software being used – called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm."

50. In Oregon the film and television industry provides over 6,800 direct jobs and 2,800 production related jobs paying $269 million in wages.

CROWELL LAW
WWW.CROWELL-LAW.COM

51. In 2013, in recognition of the growing problems and challenges with counterfeiting and piracy, The Oregon House of Representatives passed House Memorial 2, which made the following findings:

> Whereas the United States and other nations share the challenge of combating intellectual piracy and the counterfeiting of intellectual property such as … films… and technologies that affect the quality of life; and
> Whereas intellectual piracy and counterfeiting have a significant impact on Oregon's economy, and the economies of other states and of nations around the world, which results in job and earnings losses, reduced tax revenues and increased threats to public health and safety; and
> …
> Whereas protecting and enforcing intellectual property rights is crucial to the future of our innovation-based economy; and
> Whereas industries that use intellectual property extensively generate nearly $7.7 trillion in gross output and account for more than 60 percent of total exports from our nation; and
> Whereas industries that use intellectual property extensively … employ more than 19 million Americans, whose salaries average about 60 percent higher than salaries in industries that do not make extensive use of intellectual property; and
> Whereas intellectual property infringement can undermine the nation's economic security; and
> Whereas violations of intellectual property rights, ambiguities in the law and a lack of enforcement create uncertainty in the marketplace and in the legal system and undermine consumer trust; and
> Whereas intellectual property, including trademarks, [are] essential …; and
> …
> Whereas failing to adequately protect and enforce intellectual property rights will increase counterfeiting and illicit trade;
> …

52. The impact of piracy is far greater than the mere loss of a single sale or loss due to the distribution of one copy of a motion picture. Piracy undermines the economy, job base, and tax base on which our citizens rely and promotes a general disregard for the rights of others and the law.

53. As such it is clear that giving effect to 17 U.S.C. §§ 101 et seq., and the enforcement of intellectual property rights, and in particular the fight against counterfeiting and piracy are critical issues of importance to the both the United States of America and the State of Oregon.

CROWELL LAW
WWW.CROWELL-LAW.COM

## CAUSE OF ACTION

### (Federal Copyright Infringement)

54. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs.

55. Defendant, without the permission or consent of Plaintiffs, copied and distributed Plaintiffs motion pictures through a public BitTorrent network.

56. Defendant's actions infringed Plaintiffs' exclusive rights under The Copyright Act.

57. The conduct of the Defendant has been with express and specific notice, willful, intentional, in disregard of and indifferent to Plaintiffs' rights with the intent to cause Plaintiffs harm and deprive Plaintiffs of royalties and the benefit of Plaintiffs' copyrights.

58. As a direct and proximate result of the Defendant's conduct, Plaintiffs' exclusive rights under 17 U.S.C. § 106 have been violated.

59. Plaintiffs are entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

60. The conduct of the Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury.

61. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting the defendant from further contributing to the infringement of Plaintiffs' copyrights, the economy of piracy, and ordering that Defendant destroy all copies of the motion pictures made in violation of Plaintiffs' rights.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

A.  For a finding that the Defendant willfully infringed Plaintiffs' rights;

B.  For entry of permanent injunction enjoining the Defendant from direct, indirect or contributory infringement of Plaintiffs' rights, except pursuant to a lawful license or with the express authority of Plaintiffs, and further directing defendant to destroy all unauthorized copies of Plaintiffs' motion pictures;

C.  For entry of permanent injunction enjoining the Defendant from supporting the BitTorrent economy of piracy by enjoining the Defendant from direct, indirect or contributory infringing file sharing in violation of U.S. copyright law;

D.  Statutory damages pursuant to 17 U.S.C. § 504;

E.  For Plaintiffs' reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

F.  For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

DATED: October 14, 2016.

>                   Respectfully submitted,
>
>                   CROWELL LAW
>
>                   */s/ Carl D. Crowell*
>                   Carl D. Crowell, OSB No. 982049
>                   carl@crowell-law.com
>                   503-581-1240
>                   Of attorneys for the Plaintiffs